1  **HEFNER, STARK & MAROIS, LLP**
2  Thomas P. Griffin, Jr., Esq. (SBN 155133)
        tgriffin@hsmlaw.com
3  2150 River Plaza Drive, Suite 450
4  Sacramento, CA  95833
   Telephone: 916.925.6620
5  Facsimile: 916.925.1127
6
7  **ABRAMS, FENSTERMAN, FENSTERMAN,**
   **EISMAN, FORMATO, FERRARA,**
8  **WOLF & CARONE, LLP**
9  Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
        sberman@abramslaw.com
10  3 Dakota Drive, Suite 300
   Lake Success, NY 11042
11  Telephone: 516.328.2300
12  Facsimile: 516.328.6638
13
14  Attorneys for Plaintiff COLONIZE MEDIA, INC.

15              **UNITED STATES DISTRICT COURT**
              **EASTERN DISTRICT OF CALIFORNIA**
16

17  COLONIZE MEDIA, INC.,              )   **Case No.: 1:20-cv-01053-DAD-**
                                      )   **SAB**
18              Plaintiff,             )
19                                    )
                                      )   **PLAINTIFF'S FIRST**
20       v.                           )   **AMENDED COMPLAINT**
                                      )   **AND JURY DEMAND**
21  TATE A. PALMER, TRIWOLF           )
22  MEDIA, LLC and TANGO MULTI        )
   MEDIA PRODUCTIONS, LLC,            )   Judge: Hon. Dale A. Drozd
23                                    )
24              Defendants.           )
                                      )
25  _____       )
26
27       Plaintiff Colonize Media, Inc. ("Colonize" or "Plaintiff"), through its undersigned
28  attorneys, alleges the following against Defendants:

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

---

1

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

## JURISDICTION AND VENUE

1.    This is a civil action in which Plaintiff seeks declaratory relief, monetary damages and injunctive relief against Defendants.

2.    This Court has jurisdiction under 18 U.S.C. § 1030 *et seq.*, 18 U.S.C. § 1836 *et seq.*; and 28 U.S.C. § 1331 (federal question jurisdiction).

3.    This Court has supplemental jurisdiction over all common law claims pursuant to 28 U.S.C. § 1367.

4.    This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and (d) and 28 U.S.C. § 1400(a), in that the Defendants or their agents are conducting business in this District, Colonize is located in, and conducts business in, this District, and a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

5.    Colonize is a corporation organized and existing under California law and authorized to do business in California, with its principal place of business in the State of California, County of Stanislaus.

6.    Colonize is primarily engaged in the business of digital music distribution and monetization.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant, Tate Palmer ("Palmer"), is a natural person with a place of residence in Los Angeles, California.

8.    Colonize is informed and believes, and thereon alleges, that Defendant Triwolf Media, LLC ("Triwolf") is a limited liability company duly organized and existing under the laws of the State of California with its principal place of business 548 East Alisal Street, Salinas, California 93905.

9.    Colonize is informed and believes, and thereon alleges, that Triwolf is primarily engaged in the business of exploiting intellectual property rights, including sound recordings.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

10.    Colonize is informed and believes, and thereon alleges, that Defendant Tango Multi Media Productions, LLC ("Tango") is a limited liability company duly organized and existing under the laws of the State of California with its principal place of business at 548 East Alisal Street, Salinas, California 93905.

11.    Plaintiff is informed and believes, and thereon alleges, that Tango is primarily engaged in the business of digital music distribution.

12.    Tango is a competitor of Colonize.

13.    Plaintiff is informed and believes, and thereon alleges, that Triwolf is the owner of Tango, the parent company of Tango and/or otherwise affiliated with Tango.

14.    Plaintiff is informed and believes, and thereon alleges, that Triwolf dominates and controls the operations of Tango.

15.    Plaintiff is informed and believes, and thereon alleges, that Palmer is an officer, director and/or an employee of Triwolf.

16.    Plaintiff is informed and believes, and thereon alleges, that Palmer is an officer, director and/or an employee of Tango.

## FACTUAL ALLEGATIONS

17.    Colonize is a global leader in the business of digital music distribution and monetization.

18.    Colonize digitally distributes, monetizes and administers hundreds of thousands of songs (the recorded performance of those songs technically hereinafter referred to as "sound recordings") belonging to its clients that primarily consist of record labels and independent recording artists.

19.    Colonize distributes, markets and promotes the sound recordings under its management to digital exploitation platforms, such as Spotify, YouTube, iTunes, Apple Music and Amazon Music (collectively "Retail Platforms"), which then make the sound recordings accessible to consumers.

20.    Colonize has spent over ten years and hundreds of thousands of dollars cultivating relationships and goodwill with the Retail Platforms and developing unique

Heffner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

and proprietary business practices that provide Colonize with an advantage over its competitors.

21.    In order to effectively digitally distribute, monetize and administer the sound recordings exploited on the Retail Platforms, Colonize must obtain an International Standard Recording Code ("SR Code") which, in essence, acts as a unique digital fingerprint for the particular sound recording to which the SR Code is assigned.

22.    The SR Code helps the sound recording owner or administrator to properly track and account for the digital exploitation of the sound recording, and to prevent the improper exploitation of unauthorized digital copies of the same sound recording.

23.    Both Colonize and the Retail Platforms rely on SR Codes to manage the exploitation of the sound recordings given to them and to ensure that the appropriate rights holder is paid whatever renumeration to which the rights holder is entitled.

24.    Obtaining SR Codes for all of the sound recordings administered and managed by Colonize is time consuming, expensive, and requires significant effort. Colonize must input ownership and other information regarding each sound recording into the international SR Code system and pay a fee for each code issued.

25.    The SR Codes are not generally known to the public and can only be obtained after applying for a code and paying the fee.

26.    Possession of the SR Codes provides a significant benefit to the holder because the codes allow the code holder to efficiently monetize, distribute and protect the associated sound recording.

27.    In addition to the SR Codes, Colonize also compiles other proprietary metadata created by Colonize relating to the sound recordings it distributes (the "Metadata") in order to track and analyze the exploitation of those particular sound recordings and to create royalty statements for its clients.

28.    The Metadata is not generally known to the public and can only be obtained after expending significant effort extracting the Metadata.

29.    Like the SR Codes, possession of the Metadata provides a significant

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

benefit to the holder because the Metadata allows the holder to efficiently monetize, distribute and protect the associated sound recording.

30.     The SR Codes and Metadata for the sound recordings that Colonize distributes were compiled and stored on a hard drive to which only officers of Colonize were given authorization to access ("Hard Drive").

31.     Colonize is informed and believes, and thereon alleges, that the Hard Drive contained SR Codes and Metadata for thousands of sound recordings.

32.     The information on the Hard Drive took hundreds of hours of effort and cost thousands of dollars to compile.

33.     The Hard Drive essentially functioned as an electronic client and inventory list which was confidential and not available to the public.

34.     Other than two of Colonize's officers, no employees or third-party parties had access to the SR Codes, Metadata or Hard Drive.

35.     As part of its business operations, Colonize creates royalty statements for its clients that itemize the source and amounts of royalties payable as a result of Colonize's distribution and monetization of the sound recordings that it manages.

36.     The creation of these royalty statements requires tremendous effort, including the tedious review and copying of a large amount of information received by Colonize from its many Retail Platform business affiliates.

37.     In or about September 2017, Colonize engaged a computer programmer to create a custom computer program to automate and optimize Colonize's collection, compilation and analysis of the information it receives from its Retail Platform business affiliates and create royalty statements for Colonize's clients ("Proprietary Computer Program").

38.     The Proprietary Computer Program was made for Colonize as a "work-for-hire," as defined by the U.S. Copyright Act.

39.     The Proprietary Computer Program was commissioned by Colonize and paid for by Colonize.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

5

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

40.    As part of its business operations, Colonize has also developed a unique, proprietary and confidential business process and structure that concerns the acquisition, cataloging, digital distribution and highly profitable monetization of sound recordings which gives Colonize an advantage over its competitors ("Business Process").

### Colonize's Hiring of Palmer

41.    On or about October 1, 2015, Colonize hired Palmer to act as its Chief Operations Officer.

42.    As the Chief Operations Officer, Palmer was responsible for overseeing the digital distribution and monetization of over two hundred fifty thousand (250,000) sound recordings under Colonize's management and administration.

43.    Palmer's job duties included, but were not limited to: (i) interfacing and negotiating with the Retail Platforms; (ii) creating and managing the technological structures and protocols for the digital storage, distribution and monetization of the sound recordings under Colonize's management and administration; and (iii) developing business and technological protocols for maximizing the revenue from the distribution and monetization of the sound recordings under Colonize's management and administration.

44.    Palmer was also responsible for the creation and maintenance of Colonize's data and intellectual protection structures, processes and protocols.

45.    As the Chief Operations Officer, Palmer was given access to all of Colonize's proprietary and confidential business information, including but not limited to, the Hard Drive, SR Codes, Metadata, Proprietary Computer Program, Business Process, and client information.

46.    Palmer was made expressly aware that the Hard Drive, SR Codes, Metadata, Proprietary Computer Program, Business Process, and client information were important business assets of Colonize, were to be kept confidential and were for Colonize's use only.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

47.     Palmer was hired by Colonize as a full-time employee and was expected to dedicate his efforts diligently and exclusively to Colonize.

48.     At no time was Palmer authorized by Colonize to create his own digital music distribution company, use any of Colonize's proprietary and confidential information and business processes for his own benefit, or to otherwise compete with Colonize.

## Palmer's Unlawful Acts

49.     In about March 2019, Colonize discovered that Palmer organized and started his own digital music distribution company in January of 2019, while employed by Colonize, using the same proprietary knowledge, information and processes learned by Palmer as an officer of Colonize.

50.     Colonize also discovered that Palmer was soliciting existing clients of Colonize as well as prospects Palmer knew were being targeted by Colonize, all while still an officer and employee of Colonize.

51.     On or about March 20, 2019, Colonize terminated Palmer's employment as a result of his inappropriate actions.

52.     Shortly thereafter, Colonize discovered that Palmer had stolen the Hard Drive holding Colonize's SR Codes and Metadata, as well as a laptop containing the only copy of the Proprietary Computer Program.

53.     Immediately after learning of Palmer's theft, Colonize contacted Palmer and demanded that he immediately return the Hard Drive and laptop but Palmer refused to do so.

54.     As Chief Operations Officer of Colonize, Palmer also had exclusive knowledge of certain access codes used by Colonize to access its accounts with its Retail Platform affiliates that monetized the sound recordings that Colonize manages ("Access Codes").

55.     These accounts contained the funds that were generated by the Retail Platforms as a result of their monetization efforts and that were due to Colonize.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

56.    After Palmer's employment with Colonize was terminated, Colonize discovered that Palmer had not tendered the Access Codes to anyone at Colonize, and as such, Colonize could not access these accounts.

57.    Colonize contacted Palmer and demanded that he tender the Access Codes, but he refused.

58.    Palmer had no right to use or retain these Access Codes after his employment with Colonize was terminated.

59.    A large portion of the funds in these accounts were due to be paid by Colonize to its clients.

60.    As a result of Palmer's refusal to give Colonize the Access Codes, it took Colonize a significant amount of time and effort to regain exclusive access to the accounts and the funds held in those accounts.

61.    As a result of Colonizes inability to access the accounts, it was unable to timely pay some of its clients the funds due to them.

62.    This unnecessarily long delay in paying its clients damaged Colonize's goodwill and credibility with some of its clients.

63.    The inability to access these funds also impinged Colonize's cash flow and slowed Colonize's business operations, thereby giving Colonize's competitors, including Triwolf and Tango, a competitive advantage.

## Triwolf and Tango's Unfair Competition and Exploitation of Stolen Trade Secrets

64.    In about August 2019, Colonize came to learn that Palmer had obtained new employment with Tango, one of Colonize's competitors as well as Tango's parent company, Triwolf.

65.    Colonize is informed and believes, and thereon alleges, that after Tango employed Palmer, that Palmer gave Tango copies of Colonize's SR Codes, Metadata and Proprietary Computer Program and that Tango started exploiting them to its advantage.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

66.    Specifically, Colonize is informed and believes, and thereon alleges, that Tango used the Colonize's SR Codes and Metadata to obtain information about Colonize's clients and used that information to specifically solicit Colonize's clients.

67.    Colonize is also informed and believes, and thereon alleges, that Tango induced certain clients of Colonize to breach their distribution agreements with Colonize and then used Colonize's SR Codes and Metadata to immediately start monetizing the sound recordings owned by those clients, a process that could not have occurred unless Tango had used the stolen SR Codes and Metadata.

68.    Upon learning that Palmer was now employed by Tango, in or about August 2019, Colonize contacted Tango and notified Tango that the confidential information in Palmer's possession was the property of Colonize and demanded that Tango cease and desist from using or otherwise exploiting Colonize's property and proprietary business information.

69.    Despite receiving the notice from Colonize, Tango refused to return the Hard Drive and laptop containing the Proprietary Computer Program or to cease using or otherwise exploiting Colonize's property and proprietary business information.

70.    Tango's possession and use of the Hard Drive, Metadata and Proprietary Computer Program gives Tango a competitive advantage over Colonize at Colonize's cost and expense.

71.    Plaintiff is informed and believes, and thereon alleges, that Palmer refused to give Colonize the Access Codes in order to provide an advantage to Tango and Triwolf.

### AS AND FOR A FIRST CAUSE OF ACTION

**(Violation of Defending Trade Secrets Act, 18 U.S.C. § 1836)**
**(by Colonize against all Defendants)**

72.    Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 71, inclusive, and incorporate them by reference as though set forth fully herein.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

73. Colonize's SR Codes, Metadata, Proprietary Computer Program, customer list and the Business Process constitute valuable trade secrets (collectively, "Trade Secrets").

74. Colonize spent substantial time and money developing these Trade Secrets.

75. These Trade Secrets derive independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure.

76. Colonize's Trade Secrets are the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

77. These Trade Secrets were reasonably protected and safeguarded by Colonize, and Plaintiff took reasonable steps to prevent their disclosure or dissemination, including but not limited to, only giving access to these Trade Secrets to two (2) officers of Colonize and no one else and storing them in Colonize's Chief Operations Officer's locked office.

78. In addition, as Chief Operations Officer, Palmer was responsible for developing and implementing robust data, intellectual property and proprietary information protection processes and protocols.

79. Palmer misappropriated these Trade Secrets by improper means since, after his employment with Colonize was terminated and he was no longer entitled to access or use them, Palmer stole a laptop containing the only copy of Plaintiff's Proprietary Computer Software, and the Hard Drive containing Plaintiff's Metadata and SR Codes and, upon information and belief, gave them to Triwolf and Tango.

80. Colonize is informed and believes, and thereon alleges, that Palmer has also disclosed Colonize's Trade Secrets to Triwolf and Tango and they are using Colonize's Trade Secrets to benefit themselves without authorization from Colonize.

81. Triwolf and Tango misappropriated Colonize's Trade Secrets by improper means because they knew, and/or had reason to know, that Palmer was Colonize's former Chief Operations Officer before they hired him, and they knew that the Trade

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Secrets, by their very nature, were confidential and proprietary to Colonize and that Palmer could not have obtained the Trade Secrets unless he stole them from Colonize or obtained them by improper means.

82.    Colonize is informed and believes, and thereon alleges, that Defendants are using the wrongfully-acquired Trade Secrets to further their own business interests by, among other things: (i) using Colonize's Proprietary Computer Program to more efficiently and profitably operate their business; (ii) using Colonize's proprietary Metadata to more efficiently and profitably manage the sound recordings under Defendants' control; (iii) using Colonize's proprietary Metadata to solicit Colonize's clients; (iv) using Colonize's Business Process to run their businesses more efficiently and profitably and to better compete with Colonize; and (v) impeding Colonize, a business competitor, by prohibiting Colonize from exclusively using its own Trade Secrets.

83.    Colonize has been damaged because it now must spend significant resources and money to recreate and compile the stolen Trade Secrets and has lost significant business opportunities due to the unfair business advantage obtained by Defendants as a result of their theft of Colonize's Trade Secrets.

84.    Defendants' actions have damaged Colonize in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000).

### AS AND FOR A SECOND CAUSE OF ACTION

**(Violation of CA Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1)**
**(by Colonize against all Defendants)**

85.    Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 84, inclusive, and incorporate them by reference as though set forth fully herein.

86.    Colonize's Trade Secrets contain great value.

87.    Colonize spent substantial time and resources developing these Trade

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

1   Secrets.

2   88.    These Trade Secrets derive independent economic value, actual and

3   potential, from not being generally known to, and not being readily ascertainable by

4   proper means by, other persons who can obtain economic value from their disclosure.

5   89.    Colonize's Trade Secrets are the subject of efforts that are reasonable under

6   the circumstances to maintain its secrecy.

7   90.    These Trade Secrets were reasonably protected and safeguarded by

8   Colonize, and Plaintiff took reasonable steps to prevent their disclosure or

9   disseminations, including but not limited to, only giving access to these Trade Secrets

10  to two (2) officers of Colonize and no one else and storing them in Colonize's Chief

11  Operations Officer's locked office.

12  91.    In addition, as Chief Operations Officer, Palmer was responsible for

13  developing and implementing robust data, intellectual property and proprietary

14  information protection processes and protocols, all for the exclusive benefit for

15  Colonize.

16  92.    Palmer misappropriated these Trade Secrets by improper means because,

17  after his employment with Colonize was terminated and he was no longer entitled to

18  access or use them, Palmer stole a laptop containing the only copy of Plaintiff's

19  Proprietary Computer Software, and the Hard Drive containing Plaintiff's Metadata and

20  SR Codes and, upon information and belief, Palmer gave them to Triwolf and Tango.

21  93.    Colonize is informed and believes, and thereon alleges, that Palmer has also

22  disclosed Colonize's Trade Secrets to Triwolf and Tango and that they are using

23  Colonize's Trade Secrets to benefit themselves without authorization from Colonize.

24  94.    Triwolf and Tango misappropriated Colonize's Trade Secrets by improper

25  means because they knew, and/or had reason to know, that Palmer was Colonize's

26  former Chief Operations Officer before they hired him, and they knew that the Trade

27  Secrets, by their very nature, were confidential and proprietary to Colonize and that

28  Palmer could not have obtained the Trade Secrets unless he stole them from Colonize or

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

obtained them by improper means.

95.    Colonize is informed and believes, and thereon alleges, that Defendants are using the wrongfully-acquired Trade Secrets to further their own business interests by, among other things: (i) using Colonize's Proprietary Computer Program to more efficiently and profitably operate their business; (ii) using Colonize's proprietary Metadata to more efficiently and profitably manage the sound recordings under Defendants' control; (iii) using Colonize's proprietary Metadata to solicit Colonize's clients; (iv) using Colonize's Business Process to run their businesses more efficiently and profitably and to better compete with Colonize; and (v) impeding Colonize, a business competitor, by prohibiting Colonize from exclusively using its own Trade Secrets.

96.    Colonize has been damaged because it now must spend significant resources and money to recreate and compile the stolen Trade Secrets and has lost significant business opportunities due to the unfair business advantage obtained by Defendants as a result of their theft of Colonize's Trade Secrets.

97.    Defendants' actions have damaged Colonize in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000).

98.    Defendants' actions were willful and malicious and done with the intent to harm Colonize.

99.    As such, Colonize is also entitled to exemplary damages and statutory attorney's fees pursuant to Cal. Civ. Code § 3426.3(c).

## AS AND FOR A THIRD CAUSE OF ACTION

### (Violation of Unfair Competition Laws Under California Business & Professions Code § 17200 et seq.) (by Colonize against all Defendants)

100.    Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 99, inclusive, and incorporates them by

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

1    reference as though set forth fully herein.

2       101.    Colonize is informed and believes and thereon alleges that Defendants'

3    conduct as alleged herein constitutes "unlawful," "unfair" and/or "fraudulent" business

4    practices in violation of the unfair competition provisions of California Business &

5    Professions Code § 17200, et seq.

6       102.    The wrongful conduct of Defendants includes, but is not limited to, the use

7    of the Hard Drive, Proprietary Computer Program, SR Codes, Metadata, Business

8    Process and Colonize's client list.

9       103.    Defendants' use of the Hard Drive, Proprietary Computer Program, SR

10   Codes, Metadata and Business Process allows the defendants to operate more efficiently,

11   gives Defendants significant insight into Colonize's operations and provides Defendants

12   with confidential knowledge concerning Colonize's clients and Colonize's business

13   dealings with those clients at the expense of Colonize.

14      104.    Defendants' use and possession of the Hard Drive, Proprietary Computer

15   Program, SR Codes, Metadata and Business Process provides Defendants with an unfair

16   competitive advantage by depriving Colonize of both the exclusive and general use of

17   same.

18      105.    Defendants' actions have harmed Colonize and deprived it of significant

19   business, as well as resulting in lost income, intellectual property, tangible property, and

20   time and money invested in developing and compiling the Proprietary Computer

21   Program, SR Codes, Metadata and Business Processes stolen by Palmer.

22      106.    Colonize is informed and believes, and thereon alleges, that Defendants

23   have unlawfully used and continue to unlawfully use the above referenced assets stolen

24   from Colonize for improper commercial gain, including but not limited to, soliciting

25   Colonize's clients and otherwise inducing or attempting to induce Colonize's clients to

26   terminate their business relationships with Colonize and take their business to Tango

27   and/or Palmer.

28      107.    As a result of Defendants' conduct, Colonize is entitled to an order of

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

---

14

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

1   restitution against Defendants.

2       108.   California Business and Professions Code § 17203 authorizes injunctive

3   and restitutionary relief against any person who has engaged or proposes to engage in

4   unfair competition.

5       109.   Defendants have been unjustly enriched by virtue of their unfair

6   competition as set forth herein. Colonize requests that the Court order Defendants to

7   restore to Colonize all monies and/or property acquired by means of Defendants'

8   unlawful, unfair and fraudulent business practices.

9       110.   Accordingly, Colonize is entitled to damages from Defendants in an

10  amount not readily ascertainable, but to be proven at trial and believed to be in excess

11  of Ten Million Dollars ($10,000,000.00).

12      111.   As a direct and proximate result of Defendants' unfair competition,

13  Colonize has suffered injury and harm and will continue to suffer injury and harm unless

14  Defendants are enjoined from the conduct alleged hereinabove.

15      112.   Colonize is entitled to, and requests, temporary, preliminary and permanent

16  injunctive relief against Defendants. Unless Defendants are restrained, they will

17  continue to injure Colonize's business.

18      113.   Colonize has no adequate remedy at law for the injuries currently being

19  suffered in that Defendants will continue to engage in unfair competition.

20              **AS AND FOR A FOURTH CAUSE OF ACTION**

21                          **(Unjust Enrichment)**
22                  **(by Colonize against all Defendants)**

23      114.   Plaintiff repeats, re-alleges and incorporates by reference in this paragraph

24  the allegations set forth in Paragraphs 1 through 113, inclusive, and incorporates them

25  by reference as though set forth fully herein.

26      115.   Upon information and belief, Palmer and Tango, without the consent of

27  Colonize, unlawfully exploited Plaintiff's confidential and proprietary business

28  information, resources, Trade Secrets and intellectual property.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

116.   Palmer, individually as a representative of his own company that competed in the same field as Plaintiff and as an employee of Tango, has received revenue from such unlawful exploitation of Colonize's Trade Secrets and intellectual property. Tango, as Palmer's current employer, and a competitor in the same field as Plaintiff, has received revenue from such unlawful exploitation.

117.   Prior to Palmer's unlawful acts, Colonize's Trade Secrets and intellectual property were unique to Colonize in the industry and Colonize was the only company in the industry obtaining an economic benefit from said Trade Secrets and intellectual property.

118.   Colonize was also the only company in the industry that funded the research, development and creation of its Trade Secrets and intellectual property. Colonize invested its own time and resources in the development and protection of its Trade Secrets and intellectual property.

119.   Such unlawful exploitation of Colonize's Trade Secrets and intellectual property caused Palmer and Tango to obtain an economic benefit over and above what they otherwise would have achieved, without having to expend the time, money and resources that Colonize had already borne in creating the Trade Secrets and intellectual property.

120.   By reason of the acts of Palmer and Tango as alleged above, Palmer and Tango have been unjustly enriched at Colonize's expense under such circumstances that equity and good conscience require that Palmer and Tango should make restitution to Colonize.

121.   Accordingly, Colonize is entitled to damages from Defendants in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

\\\

\\\

\\\

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Violation of the Computer Fraud and Abuse Act- 18 U.S.C. § 1030 et seq.) (by Colonize against Palmer)

122.    Plaintiff repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 121, inclusive, and incorporates them by reference as though set forth fully herein.

123.    Palmer accessed Colonize's protected computer network, systems and offices containing computer equipment on which the network and systems could be used, without authorization, to remove, disable or appropriate and pass off as his own, the Trade Secrets, confidential business information, SR Codes, Proprietary Computer Software and Metadata, as well as tangible computer equipment owned and controlled by Colonize.

124.    Palmer did so with the intent to defraud and otherwise harm Colonize because Palmer economically competed with Colonize, by starting his own competing company while employed by Colonize and subsequently working for Colonize's competitor, Tango.

125.    Palmer's actions caused financial harm to Colonize: (i) in the form of lost income; (ii) damage to its intellectual property and tangible property; (iii) the time and money invested in developing and compiling the SR Codes, Proprietary Computer Program, and Metadata stolen by Palmer; and (iv) the income generated by Palmer's clients that he has solicited, and otherwise induced or attempted to induce, to terminate their business relationships with Colonize in order to take their business to Palmer and/or his current employer, Tango. As such, Palmer received an economically competitive advantage over Colonize.

126.    Palmer's conduct has caused a loss in excess of Five Thousand Dollars ($5,000.00) to Colonize during a one-year period. As such, pursuant to 18 USC § 1030(g), Colonize is entitled to damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000).

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

127.   As a result of Palmer's conduct, Colonize has suffered irreparable and incalculable harm, for which Colonize has no adequate remedy at law, and which will continue unless Palmer is enjoined from further unauthorized access to and use of Colonize's Trade Secrets, SR Codes, Proprietary Computer Program, Business Process, Metadata, tangible computer equipment, systems, and network.

128.   As such, Colonize is entitled to damages from Palmer in an in excess of Ten Million Dollars ($10,000,000.00), together with injunctive relief prohibiting Palmer from further accessing, using, or benefitting from in any way, Colonize's Trade Secrets, SR Codes, Proprietary Computer Program, Business Process, Metadata, tangible computer equipment, systems, and network.

## AS AND FOR A SIXTH CAUSE OF ACTION

**(Violation of California Comprehensive Computer Data Access and Fraud Act-California Penal Code § 502)**
**(by Colonize against Palmer)**

129.   Plaintiff repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 128, inclusive, and incorporates them by reference as though set forth fully herein.

130.   Palmer knowingly accessed and without permission used Colonize's Trade Secrets, confidential business information, SR Codes, Proprietary Computer Program, Hard Drive, Business Process, and Metadata, as well as tangible computer equipment in order to devise and/or execute a scheme to defraud and deceive in violation of California Penal Code § 502(c)(1).

131.   Palmer knowingly accessed and without permission took, copied, and/or used Colonize's Trade Secrets, confidential business information, SR Codes, Proprietary Computer Program, Hard Drive, Business Process, and Metadata, as well as tangible computer equipment from Colonize's systems, networks and offices in violation of California Penal Code § 502(c)(2).

132.   Palmer knowingly and without permission used or caused to be used Colonize's Trade Secrets, confidential business information, SR Codes, Proprietary

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Computer Program, Hard, Drive, Business Process, and Metadata, as well as tangible computer equipment in violation of California Penal Code § 502(c)(3).

133.  Palmer knowingly and without permission accessed and removed Trade Secrets, confidential business information, SR Codes, Proprietary Computer Program, Hard Drive, Business Process, and Metadata, as well as tangible computer equipment from Colonize's systems, networks and offices in violation of California Penal Code § 502(c)(4).

134.  Palmer knowingly and without permission accessed or caused to be accessed Colonize's Trade Secrets, confidential business information, SR Codes, Proprietary Computer Program, Hard Drive, Business Process, and Metadata, as well as tangible computer equipment, systems, networks and offices in violation of California Penal Code § 502(c)(7).

135.  Colonize suffered and continues to suffer damage as a result of Palmer's violations of the California Penal Code § 502 identified above.

136.  Palmer's conduct also caused irreparable and incalculable harm and injuries to Colonize, and, unless enjoined, will cause further irreparable and incalculable injury, for which Colonize has no adequate remedy at law.

137.  Palmer willfully violated California Penal Code § 502 in disregard and derogation of Colonize's rights and Palmer's actions as alleged above were carried out with oppression, fraud and malice.

138.  Pursuant to California Penal Code § 502(e), Colonize is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

### AS AND FOR A SEVENTH CAUSE OF ACTION

**(Trespass to Chattels)**
**(by Colonize against Palmer)**

139.  Plaintiff repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 137, inclusive, and incorporates them

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

by reference as though set forth fully herein.

140.    At all relevant times herein alleged, Colonize owned and had the right to exclusively possess the Hard Drive, Proprietary Computer Program, SR Codes, and Metadata.

141.    Palmer engaged in the wrongful acts specifically alleged above, including accessing, possessing and controlling Colonize's Hard Drive, Proprietary Computer Program, SR Codes, and Metadata in excess of his authorization, and for the sole purpose of gaining access to Colonize's electronically stored Trade Secrets, confidential information and proprietary information for the purpose of misappropriating the same to his own unauthorized use, for the express benefit of himself and Tango.

142.    Palmer, without Colonize's knowledge or consent, interfered with Colonize's exclusive right to possess, access and control the Hard Drive, Proprietary Computer Program, SR Codes, and Metadata. Said interference was both substantial and continuing, amounting to a complete usurpation of Colonize's possession, control and access to its property.

143.    As a result, Colonize has suffered substantial harm and detriment, having lost possession, control and access to those chattels for a substantial time, which is and has been continuing in nature.

144.    Accordingly, Colonize is entitled to damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### (Conversion)
### (by Colonize against Palmer)

145.    Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 144, inclusive, and incorporates them by reference as though set forth fully herein.

146.    Colonize owned, possessed, and had a right to possess the Hard Drive,

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

Proprietary Computer Program, SR Codes, and Metadata for purposes of conducting its business.

147.   Palmer engaged in the wrongful acts specifically alleged above, including taking the Hard Drive, Proprietary Computer Program, SR Codes, and Metadata from Colonize without permission or authority to do so. In so doing, Palmer intentionally and substantially interfered with Colonize's ownership, possession, and right to possess the Hard Drive, Proprietary Computer Program, SR Codes, and Metadata and caused harm to Colonize.

148.   Colonize did not consent to Palmer's removal of this property and data.

149.   Colonize has demanded the immediate return of the Hard Drive, Proprietary Computer Program, SR Codes, and Metadata. Notwithstanding Colonize's demand, Palmer has refused to return the property to Colonize.

150.   Because of Palmer's wrongful conversion of Colonize's property, Colonize has sustained damages, the exact amount of which is not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

151.   Palmer has acted with fraud, oppression, and/or malice with the deliberate intent to injure Colonize's business and acted with conscious disregard for Colonize's rights, thereby warranting an award of punitive damages in an amount appropriate to punish Palmer and deter others from engaging in similar misconduct.

## AS AND FOR A NINTH CAUSE OF ACTION

**(Breach and Duty of Loyalty and Fidelity)**
**(by Colonize against Palmer)**

152.   Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 151, inclusive, and incorporates them by reference as though set forth fully herein.

153.   Palmer was employed by Colonize in a position of trust and confidence, specifically as Chief Operating Officer. While so employed, Palmer was under a duty to act solely for the benefit of Colonize and not contrary to Colonize's interests with respect

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

to all matters connected with this employment relationship.

154.    While so employed as an officer in this position of trust and confidence, Palmer breached his duty to Colonize by, among other things, neglecting his professional obligations while still working for Colonize, forming and working on behalf of a competing business while still employed by Colonize, disparaging Colonize while still working for Colonize and soliciting Colonize's clients and prospective clients for the benefit of himself and/or the benefit of others, while employed by Colonize.

155.    California Labor Code § 2863 expressly provides that an employee who has any business to transact on his own account, similar to that entrusted him by his employer, shall always give the preference to the business of the employer.

156.    As a proximate result of Palmer's breach of his duties, Colonize has suffered actual and/or consequential damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

157.    Colonize is informed and believes and thereon alleges that, in committing the breach of duty as described above, Palmer was guilty of malice and/or oppression with the deliberate intent to injure Colonize's business and improve his and Tango's own business and acted with conscious disregard for Colonize's rights and for his own duty to Colonize as the Chief Operating Officer of Colonize, thereby warranting an award of punitive damages in an amount appropriate to punish Palmer and deter others from engaging in similar misconduct.

## AS AND FOR A TENTH CAUSE OF ACTION

### (Faithless Servant/Breach of Duty of Loyalty)
### (by Colonize against Palmer)

158.    Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 157, inclusive, and incorporates them by reference as though set forth fully herein.

159.    From the time that Colonize hired Palmer, he was in the top three highest-

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

---

22

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

1    ranking, and highly-compensated Officers of Colonize, as well as an agent and servant
2    of Colonize who was obligated to act only in Colonize's best interests and pursuant to
3    applicable laws and Colonize's regulations and policies.

4        160.    Palmer owed Colonize duties of loyalty and fidelity, was prohibited from
5    acting in a manner inconsistent with his agency or trust and was bound to exercise the
6    utmost good faith and loyalty in the performance of his duties for Colonize.

7        161.    By knowingly, intentionally and purposefully opening and operating his
8    own digital music distribution company while employed by Colonize and stealing
9    Colonize's Trade Secrets, intellectual property and physical property, Palmer knowingly
10   and intentionally breached the duties of loyalty, fidelity and good faith that he owed to
11   Colonize as its officer, employee, agent and servant.

12       162.    By intentionally engaging in that improper and illegal conduct, Palmer
13   acted in a manner directly adverse to and wholly inconsistent with his agency obligations
14   to Colonize.

15       163.    Thus, from at least January 15, 2019 through November 20, 2019 Palmer
16   breached the duties of duty of loyalty and fidelity that he owed to Colonize and was a
17   faithless servant.

18       164.    Palmer's breach of his duties of loyalty and fidelity owed to Colonize
19   substantially violated the terms of his employment.

20       165.    Palmer engaged in the above acts which constituted breaches of his duties
21   of loyalty and fidelity, intentionally, maliciously and/or with wanton and willful
22   disregard for Colonize's rights and interests.

23       166.    Colonize is entitled to, and respectfully demands, judgment in its favor and
24   against Palmer: (i) ordering Palmer to forfeit all improperly obtained remuneration
25   obtained while in breach of his duties of loyalty and fidelity and to disgorge all gains,
26   profits and savings Palmer derived from his illegal conduct; (ii) ordering Palmer to
27   disgorge all monies Colonize paid to Palmer during the time he breached his duties to
28   Colonize and all monies received as a result of those breaches; (iii) awarding the amount

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

of actual damages to Colonize resulting from Palmer's illegal conduct, which are not readily ascertainable, but will be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000.00); (iv) awarding punitive damages to Colonize in an amount appropriate to punish Palmer and deter others from engaging in similar misconduct; (v) awarding reasonable attorneys' fees and costs to Colonize in an amount to be determined by the Court; and (vi) awarding for prejudgment and post judgment interest to Colonize at the maximum legal rate, as provided by law, as applicable, as an element of damages which Colonize has suffered as a result of Palmer's acts as a faithless servant.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations)
### (by Colonize against Palmer)

167.    Colonize repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 166, inclusive, and incorporates them by reference as though set forth fully herein.

168.    At all times relevant, Colonize was in an economic relationship with the Retail Platforms and Colonize's clients.

169.    Palmer, as Chief Operations Officer of Colonize, was aware of Colonize's relationships with the Retail Platforms and its clients and the economic benefit generated by the Retail Platforms.

170.    Palmer improperly withheld the Access Codes from Colonize after his employment with Colonize was terminated.

171.    By engaging in this conduct, Palmer was substantially certain that his actions would interfere with Colonize's ability to access the money it was due from the Retail Platforms and that Colonize owed to its clients.

172.    Accordingly, Colonize is entitled to damages from Defendants in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California  95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Colonize respectfully prays for judgment as follows:

1.    On the First Cause of Action by Colonize as against all Defendants for their violation of the Defending Trade Secrets Act, 18 U.S.C. § 1836, granting Colonize damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000);

2.    On the Second Cause of Action by Colonize as against all Defendants for their violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1, granting Colonize damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000), together with exemplary damages, and attorneys' fees as provided for in the statute;

3.    On the Third Cause of Action by Colonize as against all Defendants for their violation of the Unfair Competition Laws under California Business and Professions Code § 17200 *et seq.*, granting Colonize damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000); an order of restitution requiring Defendants to restore to Colonize all monies and/or property acquired by means of Defendants' unlawful, unfair and fraudulent business practices; and temporary, preliminary and permanent injunctive relief against Defendants;

4.    On the Fourth Cause of Action by Colonize as against all Defendants for unjust enrichment, granting Colonize damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000);

5.    On the Fifth Cause of Action by Colonize as against Palmer for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, granting Colonize damages from Palmer in excess of Ten Million Dollars ($10,000,000.00), together with injunctive relief prohibiting Palmer from further accessing, using, or benefitting from in

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California  95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

1  any way, Colonize's Trade Secrets, confidential business information, Hard Drive,
2  Proprietary Computer Program, SR Codes, Metadata, tangible computer equipment,
3  systems, and network;

4      6.    On the Sixth Cause of Action by Colonize as against Palmer for violation of
5  California Penal Code § 502, granting Colonize injunctive relief, compensatory
6  damages, punitive or exemplary damages in excess of Ten Million Dollars
7  ($10,000,000.00), attorneys' fees, costs and other equitable relief provided by the
8  statute;

9      7.    On the Seventh Cause of Action by Colonize as against Palmer for trespass
10 to chattels, granting Colonize damages in an amount not readily ascertainable, but to be
11 proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000);

12     8.    On the Eighth Cause of Action by Colonize as against Palmer for conversion,
13 granting Colonize damages in an amount not readily ascertainable, but to be proven at
14 trial and believed to be in excess of Ten Million Dollars ($10,000,000), as well as
15 punitive damages in an amount appropriate to punish Palmer and deter others from
16 engaging in similar misconduct;

17     9.    On the Ninth Cause of Action by Colonize as against Palmer for breach of
18 the duties of loyalty and fidelity, granting Colonize actual and/or consequential damages
19 in an amount not readily ascertainable, but to be proven at trial and believed to be in
20 excess of Ten Million Dollars ($10,000,000), as well as punitive damages in an amount
21 appropriate to punish Palmer and deter others from engaging in similar misconduct;

22     10.   On the Tenth Cause of Action by Colonize as against Palmer for faithless
23 servant/breach of his duties of loyalty and fidelity, ordering Palmer to forfeit all
24 improperly obtained remuneration obtained while in breach of his duties and to disgorge
25 all gains, profits and savings Palmer derived from his illegal conduct; to disgorge all
26 monies Colonize paid to Palmer during the time he breached his duties to Colonize and
27 all monies received as a result of those breaches; the amount of actual damages to
28 Colonize resulting from Palmer's acts while in breach of his duty and loyalty, which are

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

not readably ascertainable, but will be proven at time of trial believed to be in excess of Ten Million Dollars ($10,000,000.00); an award of punitive damages in an amount appropriate to punish Palmer and deter others from engaging in similar misconduct; for reasonable attorneys' fees and costs in an amount to be determined by the Court; and for prejudgment and post judgment interest at the maximum legal rate, as provided by law;

11. On the Eleventh Cause of Action by Colonize as against Palmer for intentional interference with prospective economic relations, granting Colonize damages in an amount not readily ascertainable, but to be proven at trial and believed to be in excess of Ten Million Dollars ($10,000,000);

12. Ordering that Defendants pay all of Plaintiff's costs, disbursements and reasonable attorneys' fees;

13. Ordering that Defendants be required to pay to Plaintiff prejudgment interest at any applicable statutory rate; and

14. Granting all such other and further relief to Plaintiff as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Dated:  December 4, 2020

Respectfully submitted,

**HEFNER STARK & MAROIS, LLP**

By: _Thomas P. Griffin_

Thomas P. Griffin, Jr., Esq.
Attorneys for Plaintiff
Colonize Media, Inc.

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

**Court:**            USDC, Eastern District Division
**Case No.:**        1:20-cv-01053-DAD-SAB
**Case Name:**    Colonize Media, Inc. v. Tate A. Palmer, et al.

# PROOF OF SERVICE

I am a citizen of the United States, employed in the city and county of Sacramento. My business address is 2150 River Plaza Drive, Suite 450, Sacramento, California 95833-3883. I am over the age of 18 years and not a party to the above-entitled action. I am readily familiar with my employer's practices for collection and processing of correspondence for mailing with the United States Postal Service.

On December 4, 2020, I served the following documents:

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

✓ **By Electronic Mail (NEF)**, I caused the above referenced document(s) to be served by the court via NEF and hyperlink to the document(s) on December 4, 2020. I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Thomas Key Richards                    Counsel for Defendants Triwolf Media, LLC
Email: trichards@singhtraubenlaw.com,    and Tango Multi Media Productions, LLC
trichards1975@gmail.com,
jtrauben@singhtraubenlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on December 4, 2020, at Elk Grove, California.

▸ _Lcasamosa_
Luz Samosa

Hefner, Stark & Marois, LLP
Sacramento, CA

1