**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff COLONIZE MEDIA, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONIZE MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> TATE A. PALMER, TRIWOLF MEDIA, LLC and TANGO MULTI MEDIA PRODUCTIONS, LLC, <br><br> Defendants. | Case No.: 1:20-CV-01053-DAD-SAB <br><br> **REPLY OF PLAINTIFF TO ORDER TO SHOW CAUSE WHY DEFENDANT TATE A. PALMER SHOULD NOT BE DIMSISSED FROM THIS ACTION FOR FAILURE TO SERVE IN COMPLIANCE WITH RULE 4 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

/ / /

/ / /

---

1
REPLY TO OSC RE PALMER

Plaintiff Colonize Media, Inc. ("Colonize) filed this action against Tate A. Palmer ("Palmer"), Triwolf Media, LLC ("Triwolf"), and Tango Multi Media Productions, LLC ("Tango"). Colonize files this Reply to Order to Show Cause Why Palmer should not be Dismissed for Failure to Serve, See Docket No. 20, as follows.

Triwolf and Tango filed their joint Answer on January 11, 2020. See Docket No. 19.

On October 22, 2020, Colonize filed a Notice of Status of Service in which Colonize described its ongoing efforts to serve Palmer at three (3) addresses in the Los Angeles, California, area and an address in Austin, Texas. See Docket No. 8. In response, on October 23, 2020, the Court entered an order granting Colonize an additional sixty (60 days), from that date, to serve Palmer.

Prior to the Court's order on October 23, 2020, counsel for Tango and Triwolf confirmed that Palmer served as an officer of either Tango or Triwolf and a consultant for the other. In his LinkedIn profile from August of 2020, Palmer stated that he was the Chief Operating Officer of Triwolf.

Both before and after the Court's order on October 23, 2020, counsel for Colonize requested (in phone calls and by email) that counsel for Tango and Triwolf provide Palmer's address. In a phone call on November 20, 2020, counsel for Tango and Triwolf informed counsel for Colonize that, upon the receipt of interrogatories regarding Palmer's address, counsel for Tango and Triwolf would reply to such interrogatories within one (1) working day with Palmer's address. On that same day, November 20, 2020, Colonize, through counsel, served its first set of interrogatories on Tango and Triwolf. This first set consisted of just two interrogatories – one asking for Palmer's current address and the other asking for the prior addresses of Palmer. This first set of interrogatories, a copy of which is attached hereto as Exhibit A, was served by email upon counsel for Tango and Triwolf on November 20, 2020.

In the evening on November 24, 2020, counsel for Colonize again sent the first set of interrogatories to counsel for Tango and Triwolf asking for the promised response

1  with Palmer's addresses.

2  On December 1, 2020, counsel for Tango and Triwolf finally replied asking me to have a call on the matter on December 3, 2020. During that call, in which two members of the firm representing Tango and Triwolf joined, counsel for Colonize was informed that the requested addresses would not be provided for three reasons: one, Palmer had requested that his address not be provided to Colonize; two, Palmer's address consisted of confidential information; and three, the interrogatories were premature since the Rule 26 conference had not occurred.

During the call on December 3, 2020, counsel for Tango and Triwolf relayed that Palmer claimed to have counsel. Counsel for Colonize asked that Palmer confirm this and, if it was true, that Palmer should be asked to have his attorney contact counsel for Colonize. No attorney claiming to represent Palmer has made contact with counsel for Colonize.

On December 8, 2020, counsel for Colonize sent an email to counsel for Tango and Triwolf asking whether the interrogatories would be answered within thirty (30) days of their service and pointing out that Rule 26 requires the disclosure of the name, address and phone number of each individual likely to have discoverable information, clearly rendering such information not confidential. Given the allegations in this case and his status as a named defendant, Palmer certainly falls within the category of an individual with discoverable information. This email was ignored.

After the December 8, 2020, email and through the week of December 23, 2020, the parties worked on a potential global settlement (involving other parties) that would have resolved this case, two other cases pending in the Eastern District (case no. 1:20-CV-00796 AWI SKO and case no. 1:20-CV-0981 AWI SKO [in which case Colonize, Tango and Triwolf are parties]) and a case pending before the Central District (case no. 2:20-CV-3159 DSF-JPR). Ultimately, the global settlement including Tango and Triwolf did not occur; however, the other parties in those other cases reached an agreement, which the other parties anticipate will be consummated soon.

Through counsel, Tango and Triwolf have admitted that Palmer is an officer of one and a consultant to the other. On November 20, 2020, counsel for Tango and Triwolf promised to provide Palmer's addresses in response to interrogatories that were served that same day and remain unanswered. Thereafter, counsel for Tango and Triwolf claimed that the addresses are confidential (which they are not) and that the interrogatories were premature.

Colonize requests that Tango and Triwolf be directed to answer the two interrogatories regarding Palmer's addresses or, alternatively, that Colonize be granted additional time to prepare and file an application for authorization to serve Palmer by publication.

Dated: January 19, 2021

Respectfully submitted,

**HEFNER STARK & MAROIS, LLP**

By: *Thomas P. Griffin Jr.*
Thomas P. Griffin, Jr., Esq.
Attorneys for Plaintiff
Colonize Media, Inc.