**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff COLONIZE MEDIA, INC.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONIZE MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> TATE A. PALMER, TRIWOLF MEDIA, LLC and TANGO MULTI MEDIA PRODUCTIONS, LLC, <br><br> Defendants. | Case No. 1:20-cv-01053-DAD-SAB <br><br> **PLAINTIFF COLONIZE MEDIA, INC.'S APPLICATION TO SERVE DEFENDANT TATE A. PALMER BY PUBLICATION** <br><br> Complaint Filed: July 29, 2020 |

Plaintiff Colonize Media, Inc., ("Colonize") files this Application to serve Tate A. Palmer ("Palmer") by Publication, as follows:

    1.   <u>Tango's and Triwolf's Refusal to Provide Palmer's Address</u>.

Colonize filed this lawsuit against Palmer, Triwolf Media, LLC ("Triwolf") and Tango Multi Media Productions, LLC ("Tango").

///

---

1
**PLAINTIFF COLONIZE MEDIA, INC.'S APPLICATION TO SERVE DEFENDANT TATE A. PALMER BY PUBLICATION**

Early in this lawsuit, counsel for Tango and Triwolf represented that Palmer served as an employee of Triwolf and an independent contractor for Tango. This confirmed the information from Palmer's LinkedIn profile in August in which he stated that he was the Chief Operating Officer of Triwolf.

This was also confirmed in the parties Joint Rule 26 Report filed on January 19, 2021, as Dkt. No. 23 in which Triwolf and Tango acknowledged that Palmer was an employee of Tango. (See Dkt. No. 23, p.4:3.) Subsequently, counsel for Tango and Triwolf asserted that Palmer serves only as an independent contractor for Tango and is not an officer or employee of either.

In numerous emails and phone calls, counsel for Colonize requested that counsel for Tango and Triwolf provide Palmer's address. In a phone call on November 20, 2020, counsel for Tango and Triwolf informed counsel for Colonize that, upon the receipt of interrogatories regarding Palmer's address, counsel for Tango and Triwolf would reply to such interrogatories within one (1) working day with Palmer's address. On that same day, November 20, 2020, Colonize, through counsel, served (by email) its first set of interrogatories on Tango and Triwolf, which consisted of just the two following interrogatories:

1. Identify the current residential address that you have for Tate A. Palmer.

2. Identify all prior residential addresses for Tate A. Palmer.

On November 24, 2020, counsel for Colonize again sent the first set of interrogatories to counsel for Tango and Triwolf asking for the promised response with Palmer's addresses.

On December 1, 2020, counsel for Tango and Triwolf finally replied asking for a call on the matter on December 3, 2020. During that call, in which two lawyers for Tango and Triwolf participated, counsel for Colonize was informed that the requested addresses would not be provided for three reasons: one, Palmer had requested that his address not be provided to Colonize; two, Palmer's address consisted of confidential information; and three, the interrogatories were premature since the Rule 26

Case 1:20-cv-01053-DAD-SAB   Document 29   Filed 04/19/21   Page 3 of 8

conference had not occurred.

During the call on December 3, 2020, counsel for Tango and Triwolf relayed that Palmer claimed to have counsel. Counsel for Colonize asked that Palmer confirm this and, if it was true, that Palmer should be asked to have his attorney contact counsel for Colonize. No attorney claiming to represent Palmer has contacted counsel for Colonize.

Thereafter, on December 8, 2020, counsel for Colonize sent an email to counsel for Tango and Triwolf asking whether the interrogatories would be answered within thirty (30) days of their service and noting that Rule 26 requires the disclosure of the "the name and, if known, the address and telephone number of each individual likely to have discoverable information…that the disclosing party may use to support its claims of defenses,…" FRCP 26(a)(1)(A)(i). Given the allegations in this case and his status as a named defendant, Palmer certainly falls within the category of an individual with discoverable information. This email was ignored.

The parties then turned their attention to efforts to globally resolve the issues in this case and three other federal cases involving Colonize, Triwolf, Tango and other parties.[1] While those efforts did not result in a global settlement, Colonize was able to enter into a settlement agreement and related agreements with the other parties, which resolved two of the other federal cases in their entirety and resolved certain claims in the third federal case between Colonize, Yellowcake, Inc. (another party aligned with Colonize and also represented by Colonize's counsel) and those other parties.

Subsequently, in March of 2021, Colonize, Yellowcake, Triwolf and Tango entered into a settlement agreement and a related agreement which resolved the

---

[1] *Platino Records, Inc., v. Colonize Media, Inc., et al.*, Case No. 2:20-CV-3159-DSF-JPR, United States District Court for the Central District of California [with Yellowcake as a party]; *Yellowcake, Inc., v. Platino Records, et al.*, Case No. 1:20-cv-0792-AWI-SKO, United States District Court for the Eastern District of California; and *Yellowcake, Inc., v. Triwolf Media, LLC, et al.*, Case No. 1:20-cv-00981-AWI-SKO [with Yellowcake, Tango and others as parties].

3
PLAINTIFF COLONIZE MEDIA, INC.'S APPLICATION TO SERVE DEFENDANT
TATE A. PALMER BY PUBLICATION

1  remainder of the claims in Case No. 1:20-cv-00981 and resolved the claims between
2  Colonize, Triwolf and Tango in this case, leaving Tate as the only defendant herein.
3       The Rule 26 conference in this lawsuit occurred on February 26, 2021.
4  Following that conference, the Court issued a Scheduling Order (Dkt No. 26)
5  obligating Colonize, Tango and Triwolf to provide their initial disclosures (pursuant to
6  Rule 26(a)(1) on or before March 12, 2021.
7       Colonize, on the one hand, and Tango and Triwolf, on the other hand, settled
8  their claims against each other, executed various documents to memorialize the
9  settlement, and filed a Stipulation for Dismissal on April 2, 2021 (Dkt No. 27). On that
10 same day, the Court terminated Tango and Triwolf as parties in this lawsuit (Dkt No.
11 28).
12      After the Rule 26 conference, Colonize provided its initial disclosures to Tango
13 and Triwolf. Conversely, Tango and Triwolf refused to provide its initial disclosures
14 despite the Court's Scheduling Order. Specifically, counsel for Tango and Triwolf
15 wrote to counsel for Colonize stating that, because his clients were settling, they would
16 not be "participating in discovery."
17      The dismissal of Tango and Triwolf as defendants was set to occur (and actually
18 did occur) after the deadline to provide the Rule 26 initial disclosures. As Palmer is a
19 named defendant who is admittedly an independent contractor for Tango, Triwolf and
20 Tango have knowledge of his address and would have included it in their initial
21 disclosures if they had complied with the Scheduling Order. Instead, they refused to do
22 so.
23      In coming to terms on the settlement agreement and related agreement between
24 Colonize, Yellowcake, Triwolf and Tango, a principal of Triwolf and Tango relayed to
25 a principal of Yellowcake that Palmer is in the office almost every day. The principal
26 of Triwolf and Tango was referring to an office in the Los Angeles area. When the
27 principal for Yellowcake asked for that address, the principal for Triwolf and Tango
28 declined to provide it.

2. Colonize's Efforts to Serve Palmer

Colonize has been diligent in its efforts to serve Palmer but has not yet been able to serve Palmer at three (3) addresses in the Los Angeles, California, area and an address in Austin, Texas.

One of the addresses in Los Angeles is a business address[2] and, when attempting service of Palmer there, the process server was informed that none of the defendants have been tenants at that location for a couple of years. The other two Los Angeles area addresses are residential addresses.[3] The process server attempted service at one of these addresses on six different days and attempted service at the other address on seven different days. The process servers attempted to communicate with nearby residents and searched for mailboxes and apartment managers to confirm Palmer's residency. These efforts were unsuccessful.

Colonize subsequently learned that Palmer may have been residing in Austin, Texas. Colonize hired a process server to attempt service on Palmer at a residential address in Austin, Texas.[4] Neighbors informed the process server that Palmer did not live there.

In reviewing certain social media pages, entity information from the Texas Secretary of State and other sites, Colonize had reason to believe that Palmer was residing in Austin, Texas, and possibly at the address previously identified. Colonize retained a second process server to attempt service on Palmer at that same address in Austin, Texas. This also proved unsuccessful.

/ / /

/ / /

/ / /

---

[2] 121 W. Lexington Ave, Glendale, CA 91203

[3] 5278 College View Avenue, Los Angeles, CA 90041 and 1208 Tennyson St., Manhattan Beach, CA, 90266

[4] 9508 Hopeland Dr., Austin, CA, 78749

3. <u>Contact with Tate</u>.

This lawsuit and the others referenced herein concern the ownership of, and the right to distribute and otherwise exploit, various sound recordings and other assets. Following the execution of the settlement agreement and related agreement by Colonize, Yellowcake, Triwolf and Tango, representatives of those parties have been in contact with each other in an effort to resolve conflicting claims to the sound recordings and other assets. In that process, Tate, on behalf of Tango, has had email exchanges with representatives of Colonize and Yellowcake.

4. <u>Subpoena</u>. Counsel for Colonize has issued subpoenas to Triwolf and Tango, since they are no longer parties to the lawsuit, seeking Palmer's address. The subpoenas should be served in the next few days.

5. <u>Service upon Tate by Publication is Appropriate</u>.  Rule 4(e)(1) permits an individual to be served in any manner authorized by state law. California Code of Civil Procedure Sections 415.50(a) and (b) reads as follows:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
>
> (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.
>
> (b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her

address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

California Government Code Section 6064 provides that "publication of notice pursuant to this section shall be once a week for four successive weeks….The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day."

Colonize requested Palmer's address from counsel for Triwolf and Tango by email and by phone. These requests were ignored. At the request of Triwolf and Tango, Colonize served interrogatories seeking Palmer's address. Counsel then refused to respond to the interrogatories. Counsel's claim that the address is confidential information is squarely contradicted by the mandates of Rule 26. Following the Rule 26 conference in this case, Triwolf and Tango refused to comply with the Scheduling Order since they were settling their disputes with Colonize (and Yellowcake).

Colonize has made numerous attempts to serve Palmer individually at one business address and two residential addresses in the Los Angeles, California, area and at a residential address in Austin, Texas.

Colonize has issued subpoenas to Triwolf and Tango, which will be served shortly, seeking Palmer's address. Colonize has Palmer's email address with Tango.

Colonize asserts that it has met the standard for obtaining an order authorizing it to serve Palmer by publication. Colonize proposes to publish the required information and documents once a week for four consecutive weeks in the Daily Journal for Los Angeles, to mail the summons and complaint to the two residential addresses noted above, and to send them to Palmer by email.

In the meantime, if Colonize obtains Palmer's address as a result of the subpoenas, Colonize will attempt to serve Palmer at that address.

/ / /

WHEREFORE, Colonize seeks an order authorizing it to serve the summons and complaint on Tate A. Palmer by publication as set forth above.

Dated: April 19, 2021                      **HEFNER STARK & MAROIS, LLP**

By: /s/ Thomas P. Griffin, Jr.
Thomas P. Griffin, Jr., Esq.
Attorneys for Plaintiff
Colonize Media, Inc.