**HEFNER STARK & MAROIS, LLP**
Thomas P. Griffin Jr., Esq. (SBN 155133)
tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff COLONIZE MEDIA, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLONIZE MEDIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TATE A. PALMER, TRIWOLF MEDIA, LLC and TANGO MULTI MEDIA PRODUCTIONS, LLC,<br><br>Defendants. | **Case No. 1:20-cv-01053-DAD-SAB**<br><br>**DECLARATION OF THOMAS P. GRIFFIN, JR. IN SUPPORT OF PLAINTIFF COLONIZE MEDIA, INC.'S APPLICATION TO SERVE DEFENDANT TATE A. PALMER BY PUBLICATION**<br><br>Complaint Filed: July 29, 2020 |

I, Thomas P. Griffin, Jr., hereby declare as follows:

1. I am attorney at law duly licensed to practice before all courts of the state of California and the District Court for the Eastern District of California. I am a partner in the law firm of Hefner, Stark & Marois, attorneys herein for plaintiff Colonize Media, Inc. I make this declaration on personal knowledge.

2. Colonize filed this lawsuit against Palmer, Triwolf Media, LLC ("Triwolf") and Tango Multi Media Productions, LLC ("Tango").

3. Early in this lawsuit, counsel for Tango and Triwolf represented to me that Palmer served as an employee of Triwolf and an independent contractor for Tango. Subsequently, counsel for Tango and Triwolf asserted that Palmer serves only as an independent contractor for Tango and is not an officer or employee of either.

4. Palmer's LinkedIn profile in August of 2020 stated that he was the Chief Operating Officer of Triwolf.

5. In numerous emails and phone calls, I requested that counsel for Tango and Triwolf provide Palmer's address. In a phone call on November 20, 2020, counsel for Tango and Triwolf informed me that, upon the receipt of interrogatories regarding Palmer's address, counsel for Tango and Triwolf would reply to such interrogatories within one (1) working day with Palmer's address. On that same day, I served (by email) Colonize's first set of interrogatories on Tango and Triwolf, which consisted of just the two following interrogatories:

- Identify the current residential address that you have for Tate A. Palmer.
- Identify all prior residential addresses for Tate A. Palmer.

6. On November 24, 2020, I again sent the first set of interrogatories to counsel for Tango and Triwolf asking for the promised response with Palmer's addresses.

7. On December 1, 2020, counsel for Tango and Triwolf finally replied asking for a call on the matter on December 3, 2020. During that call, in which two lawyers for Tango and Triwolf participated, I was informed that the requested addresses would not be provided for three reasons: one, Palmer had requested that his address not be provided to Colonize; two, Palmer's address consisted of confidential information; and three, the interrogatories were premature since the Rule 26 conference had not occurred.

8. During the call on December 3, 2020, counsel for Tango and Triwolf relayed that Palmer claimed to have counsel. I asked that Palmer confirm this and, if it was true, that Palmer should be asked to have his attorney contact counsel for Colonize. No attorney claiming to represent Palmer has made contact with counsel for Colonize.

9. Thereafter, on December 8, 2020, I sent an email to counsel for Tango and Triwolf asking whether the interrogatories would be answered within thirty (30) days of their service and noting that Rule 26 requires the disclosure of his address. This email was ignored.

10. The parties then turned their attention to efforts to globally resolve the issues in this case and the three other federal cases involving Colonize, Triwolf, Tango and other parties identified in the accompanying Application. While those efforts did not result in a global settlement, Colonize was able to enter into a settlement agreement and related agreements with the other parties, which resolved two of the other federal cases in their entirety and resolved certain claims in the third federal case between Colonize, Yellowcake, Inc. (another party aligned with Colonize and also represented by Colonize's counsel) and those other parties.

11. In March of 2021, Colonize, Yellowcake, Triwolf and Tango entered into a settlement agreement and a related agreement which resolved the remainder of the claims in Case No. 1:20-cv-00981 and resolved the claims between Colonize, Triwolf and Tango in this case, leaving Tate as the only defendant herein.

12. The Rule 26 conference in this lawsuit occurred on February 26, 2021. Following that conference, the Court issued a Scheduling Order (Dkt No. 26) obligating Colonize, Tango and Triwolf to provide their initial disclosures (pursuant to Rule 26(a)(1) on or before March 12, 2021.

13. Colonize, on the one hand, and Tango and Triwolf, on the other hand, settled their claims against each other, executed various documents to memorialize the settlement, and filed a Stipulation for Dismissal on April 2, 2021 (Dkt

No. 27). On that same day, the Court terminated Tango and Triwolf as parties in this lawsuit (Dkt No. 28).

14. After the Rule 26 conference, Colonize provided its initial disclosures to Tango and Triwolf. Conversely, Tango and Triwolf refused to provide its initial disclosures despite the Court's Scheduling Order. Specifically, counsel for Tango and Triwolf wrote to counsel for Colonize stating that, because his clients were settling, they would not be "participating in discovery."

15. Colonize has been diligent in its efforts to serve Palmer but has not yet been able to serve Palmer at three (3) addresses in the Los Angeles, California, area and an address in Austin, Texas.

16. One of the addresses in Los Angeles is a business address[1] and, when attempting service of Palmer there, the process server was informed that none of the defendants have been tenants at that location for a couple of years. The other two Los Angeles area addresses are residential addresses.[2] The process server attempted service at one of these addresses on six different days and attempted service at the other address on seven different days. The process servers attempted to communicate with nearby residents and searched for mailboxes and apartment managers to confirm Palmer's residency. These efforts were unsuccessful.

17. Colonize subsequently learned that Palmer may have been residing in Austin, Texas. Colonize hired a process server to attempt service on Palmer at a residential address in Austin, Texas.[3] Neighbors informed the process server that Palmer did not live there.

18. In reviewing certain social media pages, entity information from the Texas Secretary of State and other sites, Colonize had reason to believe that Palmer

---

[1] 121 W. Lexington Ave, Glendale, CA 91203

[2] 5278 College View Avenue, Los Angeles, CA 90041 and 1208 Tennyson St., Manhattan Beach, CA, 90266

[3] 9508 Hopeland Dr., Austin, CA, 78749

was residing in Austin, Texas, and possibly at the address previously identified. Colonize retained a second process server to attempt service on Palmer at that same address in Austin, Texas. This also proved unsuccessful.

19. I have issued subpoenas to Triwolf and Tango, since they are no longer parties to the lawsuit, seeking Palmer's address. The subpoenas should be served in the next few days.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 19th day of April 2021, at Sacramento, California.

Thomas P. Griffin, Jr.